# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0190, <u>In re Name Change of Claire Bergeron</u>, the court on December 9, 2022, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The respondent, Susan Bergeron, the mother of the parties' child, appeals an order of the Circuit Court (O'Neill, J.) granting the petition of the child's father, Jonathan Hall, to change the child's last name from Bergeron to Hall. We affirm.

We apply our discretionary standard of review to a trial court's order on a parent's petition to change a child's name. <u>In re Name Change of Goudreau</u>, 164 N.H. 335, 337 (2012). Under this standard, we consider only whether the record establishes an objective basis sufficient to sustain the trial court's decision. <u>Id</u>. at 338. We will not disturb the court's decision if it could reasonably have been made. <u>Id</u>.

The respondent argues that the trial court unsustainably exercised its discretion because it was biased in favor of the petitioner as the child's father. The respondent contends that the trial court's decision "implies a presumption [that] . . . children should bear the legal last name of their biological father over the legal last name of the biological mother" and reflects "a bias towards a child bearing her father's last name only" and against a child bearing her mother's legal last name. The respondent further contends that, because the trial court noted its "concern[]" that the respondent wanted to change the surname of the child's older sibling "from Hall to Bergeron-Hall, despite [the older sibling's] bearing the name Hall since birth," the court treated the parties in a manner that was inconsistent and "exemplary of both implicit, and explicit, bias towards . . . the father." We disagree.

We do not share the respondent's interpretation of the trial court's order. <u>See</u> <u>In the Matter of Salesky & Salesky</u>, 157 N.H. 698, 702 (2008) (explaining that we interpret a trial court order <u>de novo</u>). Nothing in the court's order indicates that the trial court applied a presumption that a child should bear the father's surname. Contrary to the respondent's assertions, the trial court did not rule that the petitioner "has a greater right for [the child] to share his last name" than the respondent has "to continue [to] share her legal last name with" the child. The mere fact that the trial court issued an adverse ruling to

the respondent does not establish bias against her.  See State v. Bader, 148 N.H. 265, 270-71 (2002).

The respondent next contends that the trial court failed to "factor in at all any of the credible testimony that [she] was seeking continuity of [her] last name with her other children and her desire to share her last name with" the child.  However, "[t]he trial court's discretion necessarily extends to matters such as assigning weight to evidence and assessing the credibility and demeanor of witnesses."  In the Matter of Kurowski & Kurowski, 161 N.H. 578, 585 (2011).  Here, the trial court's findings of fact relative to its decision to change the child's last name are supported by evidence in the record.

Although the respondent asserts that the trial court's decision in this case conflicts with our holding in Goudreau, she is mistaken.  In this case, as in Goudreau, the trial court had an objective basis sufficient to sustain its decision.  See In re Name Change of Goudreau, 164 N.H. at 339-40.  As the trial court correctly observed, the respondent shares two children with the petitioner — the child and an older sibling who has had the last name Hall since birth.  Changing the child's last name so that it matches that of the child's older sibling constitutes an objective basis sufficient to sustain the trial court's decision.  We conclude that the trial court could reasonably have found that changing the child's last name from Bergeron to Hall was in the child's best interest.  See id. at 340.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**